■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE WADE, Appellant. [688 NYS2d 733] —Crew III, J. Appeal, by permission, from an order of the County Court of Ulster County (Bruhn, J.), entered March 9, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of attempted murder in the second degree, without a hearing.

In 1989, defendant pleaded guilty to the crime of attempted murder in the second degree. Prior to sentencing, the People filed a predicate felony statement alleging that defendant previously had been convicted of operating a motor vehicle while under the influence of alcohol, as a felony, in September 1986. Defendant admitted the predicate felony conviction and, as a consequence, was sentenced to an indeterminate term of imprisonment of 10 to 20 years.

In 1996 defendant moved pursuant to CPL 440.20 to set aside the sentence imposed by County Court on the ground that his predicate felony conviction was unconstitutional. Specifically, defendant contended that the terms of his probation violated his rights under the Establishment Clause of the 1st Amendment of the US Constitution by requiring him to attend Alcoholics Anonymous, a treatment program embracing religious principles. County Court denied the motion. In 1998,

defendant made the instant motion pursuant to CPL 440.10 to vacate his 1986 predicate felony conviction, again contending that such conviction was constitutionally infirm. County Court denied the motion and this appeal ensued.

We affirm, albeit for reasons different than those espoused by County Court. There does not appear to be any dispute that defendant indeed admitted his conviction of operating a motor vehicle while under the influence of alcohol as a predicate felony conviction prior to his sentencing on his plea to attempted murder in the second degree. Accordingly, having failed to contest the constitutionality of the underlying conviction as provided for in CPL 400.21, defendant has waived his claim that the conviction was unconstitutionally obtained (see, e.g., *People v Ubiles*, 130 AD2d 788).

Cardona, P. J., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the order is affirmed.