■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD HAMILTON, Appellant. [695 NYS2d 436] —Judgment affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of conspiracy in the fourth degree (Penal Law § 105.10) arising from an alleged agreement to provide a quantity of cocaine to another for resale. Defendant contends that his conviction on the conspiracy charge is inconsistent with his acquittal on charges of criminal possession of a controlled substance (Penal Law §§ 220.03, 220.09 [1]; § 220.16 [1], [12]) in connection with the same incident. That contention is not preserved for our review because defense counsel failed to raise it before the jury was discharged (*see, People v Satloff,* 56 NY2d 745, 746, *rearg denied* 57 NY2d 674).

In any event, defendant's contention is without merit. A conviction will be reversed on the ground of an inconsistent verdict "only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered" (*People v Tucker,* 55 NY2d 1, 7, *rearg denied* 55 NY2d 1039). Upon our review of the jury instructions (*see, People v Green,* 71 NY2d 1006, 1008), we conclude that

defendant's acquittal on charges of criminal possession of a controlled substance is not conclusive with respect to the overt act element of the crime of conspiracy. The jury was instructed that defendant could not be convicted of criminal possession of a controlled substance without proof that he knowingly possessed cocaine. With respect to the overt act element of the crime of conspiracy, however, the jury was not instructed that the "transfer" of cocaine had to be knowing.

We have considered defendant's remaining contentions and conclude that they are without merit.

All concur except Lawton, J. P., and Callahan, J., who dissent and vote to reverse in the following Memorandum.

Lawton, J. P., and Callahan, J. (dissenting). We respectfully dissent. Defendant appeals from a judgment convicting him after a jury trial of conspiracy in the fourth degree (Penal Law § 105.10). The jury acquitted him of companion charges of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]), criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]), criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), and the lesser included offense of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). Defendant contends that the verdict is inconsistent because the jury acquitted him of all counts related to possession of cocaine but convicted him of the conspiracy charge. We agree.

The majority agrees with the People that defendant failed to preserve for our review his contention that the verdict is inconsistent because he failed to register any objection prior to discharge of the jury. The record, however, establishes that the jury had not yet been formally discharged when defendant made his motion, and thus the motion was timely.

We also disagree with the majority's conclusion that defendant's contention is without merit. "A determination of whether a verdict is repugnant [or inconsistent] is based solely on a review of the trial court's charge regardless of its accuracy" (*People v Green,* 71 NY2d 1006, 1008, citing *People v Hampton,* 61 NY2d 963, 964; *People v Tucker,* 55 NY2d 1, 7). The jury was instructed that it must find that there was an overt act as charged in the indictment. The only overt act alleged was that defendant provided another with a quantity of crack cocaine, a narcotic drug, for resale. The majority mischaracterizes County Court's charge by stating that, "[w]ith respect to the overt act element of the crime of conspiracy, however, the jury was not

instructed that the 'transfer' of cocaine had to be knowing." The critical concern is that "a defendant should not be convicted of a crime when the jury has found that he did not commit one or more of its essential elements" (*People v Loughlin,* 76 NY2d 804, 806, citing *People v Tucker, supra,* at 6). Because the jury acquitted defendant of all counts of possession and sale of cocaine, but convicted him of a conspiracy charge with a required element of possession of cocaine, there is an inherent inconsistency in the jury's finding that defendant was not guilty of criminal possession of a controlled substance but was guilty of conspiracy. Thus, in our view, the judgment must be reversed and the indictment dismissed. (Appeal from Judgment of Cayuga County Court, Contiguglia, J.—Conspiracy, 4th Degree.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Callahan, JJ.