(June 21, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNY MILLER, Also Known as AB, Appellant. [728 NYS2d 526] —Crew III, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered January 16, 1998 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

Defendant's challenge to the legality of the enhanced sentence imposed upon him as a second felony offender is not encompassed by his waiver of the right to appeal (*see, People v Mann*, 258 AD2d 738, 739, *lv denied* 93 NY2d 900). Neverthe-

less, having negotiated a favorable plea bargain and entered his guilty plea with the clear understanding that he would be sentenced to a specific indeterminate prison term as a second felony offender, defendant had sufficient notice and opportunity to controvert the allegations in the second felony offender statement (*see*, *id.*, at 739). When asked at sentencing whether defendant wanted to controvert anything in the statement, defense counsel advised Supreme Court that he had reviewed the statement with defendant and that there was no objection. In these circumstances, defendant waived any objection to the constitutionality of the predicate felony conviction and its use as the basis for the enhanced sentence (*see*, *People v Wade*, 260 AD2d 798, 799, *lv denied* 93 NY2d 1006, *cert denied* 528 US 1028; *People v Crippa*, 245 AD2d 811, 812, *lv denied* 92 NY2d 850).

In any event, there is no merit to defendant's claim that a discrepancy between State and Federal law regarding the need for an overt act to support a conviction of conspiracy precludes the use of defendant's Federal conspiracy conviction as a predicate felony in New York. In determining whether a foreign crime is equivalent to a New York felony for the purposes of enhanced sentencing, the inquiry focuses upon a comparison of the elements of the foreign statute with the elements of the analogous Penal Law felony (*see*, *People v Gonzalez*, 61 NY2d 586, 589). Inasmuch as the Penal Law § 105.20 requirement of an overt act in furtherance of the conspiracy "is an evidentiary requirement unrelated to the elements of the substantive crime" (*People v Rossney*, 178 AD2d 765, 767, *lv denied* 79 NY2d 1007), the alleged discrepancy upon which defendant relies is irrelevant to the predicate felony issue.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.