■ The People of the State of New York, Respondent, v Jose Hiladrio, Appellant. [738 NYS2d 19] —Judgment, Supreme Court, New York County (Harold Beeler, J.), rendered August 11, 1998, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a term of six years to life, unanimously affirmed.

Defendant's application to withdraw his guilty plea was properly denied after a suitable inquiry in which defendant was afforded a sufficient opportunity to be heard. The court was fully familiar with the case, including the thorough plea allocution, and was able to make an informed determination (see, People v Frederick, 45 NY2d 520, 525). The record establishes that defendant's plea was knowing, intelligent and voluntary. Although defendant complains that his plea was coerced by the People's refusal to permit his codefendants to plead guilty unless defendant did likewise, the court properly found that defendant's plea met the constitutional standards for this type of arrangement (see, People v Fiumefreddo, 82 NY2d 536).

Defendant received meaningful, nonconflicted representation

at all stages of the case (*see, People v Benevento*, 91 NY2d 708, 713-714; *People v Ford*, 86 NY2d 397, 404; *see also, Cuyler v Sullivan*, 446 US 335, 348-350). Defense counsel argued in favor of the plea withdrawal motion and did not become a witness against defendant or take any other action contrary to his interests (*compare, People v Rozzell*, 20 NY2d 712). Defendant was properly represented by his own counsel at the taking of the plea, and his claim that a codefendant's attorney improperly assumed the role of defendant's legal advisor during a pre-pleading joint strategy discussion involving all the defendants and their attorneys is unfounded.

Defendant's contention that he was improperly sentenced as a second felony offender is unpreserved and we decline to reach it in the interest of justice. Were we to reach the issue, we would find the sentence proper as it was based on a federal conviction of conspiracy to sell cocaine, and the New York requirement of an overt act, which is not found in federal conspiracy law, is an evidentiary requirement concerning the manner in which conspiracy must be established, rather than being an element of the crime (*People v Miller*, 284 AD2d 724).

We have considered and rejected defendant's remaining claims. Concur—Williams, J.P., Andrias, Rosenberger and Buckley, JJ.