(December 15, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL THOMAS, Appellant. [806 NYS2d 277]—

Peters, J. Appeal from a judgment of the County Court of Ulster County (LaBuda, J.), rendered March 19, 1999, upon a verdict convicting defendant of the crime of aggravated harassment of an employee by an inmate.

On October 21, 1997, defendant was housed in the special housing unit for high-risk inmates at the Shawangunk Correctional Facility in Ulster County. Ralph Rohl and Laura Giordano, both correction officers, were delivering meals to inmates. Giordano preceded Rohl down the gallery hall, unlocking the food hatches while Rohl distributed the food and closed the hatches. Following the meal, Rohl and Giordano came back to the gallery to pick up the food trays in reverse order. As Rohl passed defendant's cell, a cup of liquid flew out from a cell and hit him on the right side of his body.[1] Purportedly, defendant stated, "There. Take that." The substance was later determined to be a combination of urine and fecal matter.

Defendant, charged with three counts of aggravated harassment of an employee by an inmate, was tried by a jury. He was convicted of one count and sentenced, as a persistent felony offender, to a prison term of 25 years to life, consecutive to his current term of incarceration. He appeals and we affirm.

Defendant's challenge to County Court's refusal to dismiss the indictment is rejected. Such motion must be made within five days after arraignment on the indictment being challenged, or it is waived (see CPL 190.50 [5] [c]; People v Wright, 5 AD3d 873, 874 [2004], lv denied 3 NY3d 651 [2004]; People v Hodges, 246 AD2d 824, 825 [1998]).

Next addressing both the sufficiency and weight of the evidence, we find, by applying the principles that we have repeatedly enunciated, that there is no merit to defendant's claims with respect thereto (see People v Bleakley, 69 NY2d 490 [1987]). The testimony of both Rohl and Giordano indicated that the

---

1. The substance landed upon Rohl's face, hair, right shoulder, chest, back and right leg.

thrown substance originated from defendant's cell and it landed on Rohl, causing him to turn away. Recognizing that testimony was elicited that Rohl was not covered with fecal matter, such inconsistencies are for the jury to resolve.

We further reject defendant's challenge to the constitutionality of the persistent felony offender statute since the Court of Appeals recently upheld its ruling in *People v Rosen* (96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]; *see People v Rivera*, 5 NY3d 61 [2005], *cert denied* — US —, 126 S Ct 564 [2005]). Turning to the length of the sentence, County Court properly considered defendant's criminal history, the nature of the crime committed, his lack of remorse and his articulated violent intent.[2] We find no abuse of discretion or extraordinary circumstances which would cause us to disturb the sentence.

Having considered and rejected the remaining contentions addressing the evidentiary and procedural rulings of County Court, as well as the claim of ineffective assistance of counsel, we affirm.

Crew III, J.P., Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.

---

**2.** At sentencing, defendant stated, "If I had to do it again, I would do it all over again. He is lucky that I couldn't get to his ass where I could shove a shank in his f\*\*ing neck."