■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MERRILL, Appellant. [810 NYS2d 249]—

Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered July 14, 2003, upon a verdict convicting defendant of the crime of aggravated harassment of an employee by an inmate.

Following a jury trial, defendant was found guilty of aggravated harassment of an employee by an inmate stemming from an incident wherein he threw feces on Correction Officer Paul Jayne. On appeal, defendant argues that the verdict was

legally insufficient and against the weight of the evidence, specifically attacking the element of intent, and that he received ineffective assistance of counsel. Unpersuaded by each contention, we now affirm.

The evidence at trial established that defendant threw feces on Jayne as Jayne was walking another inmate by defendant's cell. During his trial testimony, defendant did not deny throwing feces that day but claimed that he intended only to hit the other inmate and not Jayne. However, the jury heard evidence that immediately after the feces hit Jayne, defendant stated, "How did you like that, Jayne, you [expletive deleted]." Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that defendant committed the crime of aggravated harassment of an employee by an inmate (*see People v Thomas*, 24 AD3d 949, 949-950 [2005]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see* CPL 470.15 [5]; *see also People v Thomas, supra*).

Finally, there is no merit to defendant's claim that trial counsel's failure to pursue a *Huntley* hearing to suppress the statement to Jayne constituted ineffective assistance of counsel. The failure of counsel to request a particular hearing, without more, does not constitute ineffective assistance (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Here, any motion to suppress defendant's spontaneous statement immediately upon throwing the feces would have been futile (*see People v King*, 284 AD2d 995 [2001]; *see generally People v Rodriguez*, 111 AD2d 524, 525 [1985]). There being "no colorable basis for a [*Huntley*] hearing" (*People v Rivera, supra* at 709), trial counsel's failure to request same did not constitute ineffective assistance.

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed.