Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered March 13, 2007. The judgment convicted defendant, after a jury trial, of course of sexual conduct against a child in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1]). “By failing to move to dismiss the indictment within five days of his arraignment, defendant has waived his contention that he was denied his right to testify before the Grand Jury in a timely manner and thus that the indictment should be dismissed” (People v Di Fondi, 275 AD2d 1018 [2000], lv denied 95 NY2d 933 [2000]; see CPL 190.50 [5] [c]; People v Thomas, 24 AD3d 949 [2005], lv denied 6 NY3d 819 [2006]). We reject defendant’s contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his further contentions that he was deprived of a fair trial by prosecutorial misconduct during summation (see People v Humphrey, 15 AD3d 683, 686 [2005], lv denied 5 NY3d 763 [2005]) and that the evidence is legally insufficient to support the conviction (see People v Gray, 86 NY2d 10, 19 [1995]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Contrary to defendant’s contention, County Court properly granted the People’s motion to disqualify defendant’s retained counsel prior to trial based upon counsel’s representation of the victim’s father, a potential prosecution witness (see generally People v Liuzzo, 167 AD2d 963 [1990], appeal dismissed 77 NY2d 866 [1991]). Finally, defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]), and defendant’s sentence is not unduly harsh or severe. Present—Smith, J.P., Centra, Lunn, Fahey and Green, JJ.