Garry, J.
Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered January 12, 2009, upon a verdict convicting defendant of the crime of aggravated harassment of an employee by an inmate.
In April 2008, defendant was incarcerated in a special housing unit for high-risk inmates at the Southport Correctional Facility in Chemung County, when he allegedly threw a cupful of urine onto a correction officer. Defendant was indicted for aggravated harassment of an employee by an inmate and convicted following a jury trial. He was sentenced as a second felony offender to a prison term of 21k to 5 years, to run consecutively with his undischarged sentence.
Defendant appeals, contending that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence. His sufficiency challenge is unpreserved, as he presented evidence after the denial of his trial motion to dismiss and did not renew the application at the close of all evidence (see People v Lane, 7 NY3d 888, 889 [2006]; People v Fisher, 89 AD3d 1135, 1136 [2011], lv denied 18 NY3d 883 [2012]). Nonetheless, his claim that the verdict is against the weight of the evidence requires this Court to evaluate the evidence of all the elements of the charged crime (see People v Dancy, 87 AD3d 759, 760 [2011]; People v Vargas, 72 AD3d 1114, 1116 [2010], lv denied 15 NY3d 758 [2010]). The People were required to prove that defendant, an inmate, “with intent to harass, annoy, threaten or alarm a person in a facility whom he . . . [knew] or reasonably should [have known] to be an employee of such facility .. . cause [d] or attempted] to cause such employee to come into contact with . . . urine ... by throwing, tossing or expelling [it]” (Penal Law § 240.32). Defendant acknowledged that he threw liquid at the officer, but claimed that it was water; thus, the only issue to be resolved at trial was whether the substance was urine.
The correction officer testified that defendant’s cell had been shielded with plexiglass as a result of prior alleged misbehavior, and that food and medication were delivered to inmates in such cells on a wheeled cart with a box with an open side. The cart was placed so that the open side aligned with a hatch in the cell door that, when opened, permitted the inmate to retrieve food or medication from the box. The officer testified that on the day in question, he and a nurse placed this cart outside defendant’s *1089 cell door to deliver medication and opened the hatch. Defendant reached through the opening, pushed the cart aside and threw the contents of a plastic cup onto the officer, striking his right arm and the right side of his stomach and chest with a clear liquid that the officer described as smelling like urine. The officer’s uniform shirt and a plastic cup found in defendant’s cell were sent to a laboratory for testing. A forensic scientist testified that, upon testing the shirt, she found both creatinine and urea, resulting in a positive test for urine; however, the test of the cup was negative because only creatinine was found. The scientist testified that the sample used to test the cup was necessarily more dilute than that used for the shirt because a different protocol was required, and she acknowledged that the tests did not establish whether the urine found on the shirt came from defendant, although DNA testing could have been performed for that purpose.
Defendant testified that the substance he threw was water. On appeal he contends that this claim is supported by, among other things, the absence of proof that the urine on the shirt was his, the cup’s negative test result, and the failure to test an undershirt that the officer was wearing. However, these inconsistencies were for the jury to resolve. Weighing the relative probative force of the conflicting testimony and the inferences to be drawn therefrom, we cannot say that the verdict was against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-645 [2006]; People v Thomas, 24 AD3d 949, 949-950 [2005], lv denied 6 NY3d 819 [2006]; People v Stokes, 290 AD2d 71, 73-74 [2002], lv denied 97 NY2d 762 [2002], cert denied 537 US 859 [2002]).
We are unpersuaded by defendant’s claim that his sentence is harsh and excessive. In view of the repugnant nature of the offense and defendant’s criminal history, disciplinary record and failure to accept responsibility or express remorse, we perceive no abuse of discretion or extraordinary circumstances warranting a reduction (see People v Figueroa, 53 AD3d 779, 781 [2008], lv denied 11 NY3d 832 [2008]; People v Thomas, 24 AD3d at 950; People v Stokes, 290 AD2d at 74-77).
Peters, P.J., Mercure, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.