# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**200**

**KA 08-00634**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

VICTOR A. DEPONCEAU, DEFENDANT-APPELLANT.

---

LORENZO NAPOLITANO, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Stephen R. Sirkin, A.J.), rendered February 22, 2008.  The judgment convicted defendant, upon a jury verdict, of conspiracy in the second degree (two counts) and conspiracy in the fifth degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him, upon a jury verdict, of two counts each of conspiracy in the second degree (Penal Law § 105.15) and conspiracy in the fifth degree (§ 105.05 [1]), defendant contends that the August 5, 2005 extension to the eavesdropping warrant violated CPL 700.20 (2) (b) (iv), which was applicable to the extension pursuant to CPL 700.40.  Inasmuch as defendant moved to suppress conversations intercepted pursuant to the warrant on a different ground at trial, he failed to preserve his present contention on appeal for our review (*see People v Manuli*, 156 AD2d 388, *lv denied* 75 NY2d 870; *see also People v Di Stefano*, 38 NY2d 640, 646-647; *see generally People v Tutt*, 38 NY2d 1011, 1012-1013; *People v Poole*, 55 AD3d 1354, 1355, *lv denied* 11 NY3d 929).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant further contends that County Court erred in allowing him to proceed pro se at trial because his waiver of the right to counsel was not unequivocal, voluntary and intelligent.  We reject that contention.  Throughout these proceedings, defendant had four separate attorneys assigned to represent him.  He was not satisfied with any of them and sought to have each replaced.  The court properly denied defendant's request to appoint a fifth attorney inasmuch as defendant did not present good cause for a substitution of counsel (*see People v Medina*, 44 NY2d 199, 207-208; *cf. People v Sides*, 75 NY2d 822, 824-825).  When faced with the denial of his request,

defendant, "who was not totally unfamiliar with criminal procedure, so determinedly and so unequivocally insisted on rejecting counsel and proceeding [pro se], the court had no recourse but to permit him to do so" (*Medina*, 44 NY2d at 209; *see People v Allen*, 4 AD3d 479, *lv denied* 2 NY3d 795; *People v Robinson*, 244 AD2d 364, *lv denied* 91 NY2d 875, 879). We likewise conclude that the court conducted the requisite " 'searching inquiry' to insure that defendant's request to proceed pro se was accompanied by a 'knowing, voluntary and intelligent waiver of the right to counsel' " (*People v Providence*, 2 NY3d 579, 580, quoting *People v Arroyo*, 98 NY2d 101, 103; *see People v Duffy*, 299 AD2d 914, *lv denied* 99 NY2d 628; *People v Outlaw*, 184 AD2d 665, *lv denied* 80 NY2d 932).

We reject defendant's further contention that the court's imposition of consecutive sentences of an indeterminate term of incarceration of 10 to 20 years on each count of conspiracy in the second degree was illegal. "[S]entences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (*People v Laureano*, 87 NY2d 640, 643; *see* Penal Law § 70.25 [2]; *People v Arroyo*, 93 NY2d 990, 991). "In resolving whether concurrent sentences are required, the sentencing court must first examine the statutory definitions of the crimes for which defendant has been convicted . . . [and] . . . determine whether the *actus reus* element is, by definition, the same for both offenses (under the first prong of the statute), or if the *actus reus* for one offense is, by definition, a material element of the second offense (under the second prong). If it is neither, then the People have satisfied their obligation of showing that concurrent sentences are not required" (*People v Taveras*, 12 NY3d 21, 25 [internal quotation marks omitted]). The crime of conspiracy in the second degree has two elements: the agreement to commit or to cause the commission of a class A felony (Penal Law § 105.15), and the overt act in furtherance thereof (*see* § 105.20; *People v McGee*, 49 NY2d 48, 57-58, *cert denied sub nom. Waters v New York*, 446 US 942; *People v Hamilton*, 263 AD2d 966, 967, *appeal dismissed* 94 NY2d 915; *cf. People v Hiladrio*, 291 AD2d 221, 222, *lv denied* 98 NY2d 676; *People v Miller*, 284 AD2d 724, 725, *lv denied* 97 NY2d 678, 685). Both elements constitute a distinct *actus reus*.

We conclude that the People satisfied their obligation of showing that concurrent sentences are not required. Addressing first the second prong of Penal Law § 70.25 (2), we conclude that, by definition, the *actus rei* of conspiracy, i.e., the agreement and an overt act, are not material elements of a second offense of conspiracy.

With respect to the first prong of Penal Law § 70.25 (2), the statutory elements of counts one and two are, by definition, identical inasmuch as they charge the same offense. That, however, does not end the inquiry. Even where there is some overlap in the elements of multiple statutory offenses, consecutive sentences can still be imposed if the People can demonstrate that the " 'acts or omissions'

committed by defendant were separate and distinct acts" (*Laureano*, 87 NY2d at 643; *see People v Frazier*, 16 NY3d 36, 41). Defendant contends that, because many of the overt acts alleged in the indictment are the same for both offenses, it is impossible to know whether the acts or omissions committed by defendant were separate and distinct *actus rei*. We conclude, however, that defendant's contention lacks merit. Where, as here, a defendant agrees to commit or to cause the commission of two separate and distinct class A felonies, i.e., the murder of two individuals, there are in fact two separate and distinct agreements, even if the same overt act is committed in furtherance of each. Thus, we conclude that the acts committed by defendant, i.e., the separate and distinct agreements, were separate and distinct acts (*cf. People v Kadry*, 63 AD3d 856, 857, *appeal dismissed* 13 NY3d 903). Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court