# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**5**
**KA 08-01362**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MAURICE JOHNSON, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered June 12, 2008. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, a *Darden* hearing was unnecessary to establish probable cause for his arrest because "there was sufficient evidence at the suppression hearing to establish probable cause for [the] arrest independent of the [confidential informant's] statements" (*People v Anderson*, 104 AD3d 968, 971, *lv denied* 21 NY3d 1013; *see People v McCullough*, 104 AD3d 1343, 1344, *lv denied* 21 NY3d 1017). Two police officers testified that they observed the muffler dragging from the vehicle in which defendant was a passenger, which justified their stop of the vehicle (*see People v Robinson*, 97 NY2d 341, 349; *People v Binion*, 100 AD3d 1514, 1515, *lv denied* 21 NY3d 911). Within seconds after defendant exited the vehicle, one of the officers observed a gun in plain view on the floor of the passenger side where defendant had been seated, which provided probable cause for defendant's arrest (*see People v Coley*, 286 AD2d 963, 964, *lv denied* 97 NY2d 728).

We reject defendant's contention that he was denied the right to counsel when Supreme Court refused to relieve defendant's assigned counsel and to assign new counsel before trial. "Throughout the[] proceedings, defendant had four separate attorneys assigned to represent him. He was not satisfied with any of them and sought to have each replaced. The court properly denied defendant's request to

appoint a fifth attorney inasmuch as defendant did not present good cause for a substitution of counsel" (*People v DePounceau*, 96 AD3d 1345, 1346, *lv denied* 19 NY3d 1025).  As he had done with his three previous attorneys, defendant raised only general complaints about his fourth assigned attorney, and therefore failed to "make specific factual allegations of serious complaints about counsel" sufficient to trigger the requisite minimal inquiry (*People v Porto*, 16 NY3d 93, 99-100).

Inasmuch as the court "conducted the requisite searching inquiry to insure that defendant's request to proceed pro se was accompanied by a knowing, voluntary and intelligent waiver of the right to counsel" (*DePounceau*, 96 AD3d at 1347 [internal quotation marks omitted]), we reject defendant's further contention that he was denied the right to counsel when he proceeded pro se at his suppression and predicate felony hearings, and at sentencing.  When defendant, " 'who was not totally unfamiliar with criminal procedure, so determinedly and so unequivocally insisted on rejecting counsel and proceeding [pro se], the court had no recourse but to permit him to do so' " (*id.* at 1346, quoting *People v Medina*, 44 NY2d 199, 209).

Defendant failed to preserve for our review his contention that the court's adverse inference charge "was an insufficient sanction for the . . . loss of [photographs of the gun and the exterior of the vehicle] by the police," inasmuch as he made no request for any other remedy after the court agreed to give the adverse inference charge (*People v Anonymous*, 38 AD3d 438, 439, *lv denied* 8 NY3d 981).  We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Contrary to defendant's further contention, defense counsel was not ineffective in failing to request a more severe sanction.  Indeed, "[i]t is well settled that defense counsel cannot be deemed ineffective for failing to 'make a motion or argument that has little or no chance of success' " (*People v Noguel*, 93 AD3d 1319, 1320, *lv denied* 19 NY3d 965, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court