*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 9, 2015                    105463
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

NORMAN WHITEHEAD JR., Also
    Known as NORM,
                        Appellant.
_____

Calendar Date:  May 26, 2015

Before:  Lahtinen, J.P., McCarthy, Rose and Clark, JJ.

_____

        Matthew C. Hug, Troy, for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Lisa
Fleischmann of counsel), for respondent.

_____

Lahtinen, J.P.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered July 30, 2012 in Albany County, upon a verdict
convicting defendant of the crimes of conspiracy in the second
degree, criminal sale of a controlled substance in the first
degree, criminal sale of a controlled substance in the third
degree (three counts), criminal possession of a controlled
substance in the first degree, criminal possession of a
controlled substance in the second degree and criminal possession
of a controlled substance in the third degree (two counts).

        Defendant was one of over 30 people named in a 278-count
indictment that resulted from a narcotics trafficking
investigation by the Attorney General's Organized Crime Task

Force.  Initially charged in 11 of the counts, he went to trial for nine counts: conspiracy in the second degree (count 1); criminal possession of a controlled substance in the first degree (count 228); criminal possession of a controlled substance in the second degree (count 225); criminal possession of a controlled substance in the third degree (counts 226 and 229); criminal sale of a controlled substance in the first degree (count 227); and criminal sale of a controlled substance in the third degree (counts 232, 244 and 245).  The jury found defendant guilty on all nine counts.  He was sentenced to an aggregate term of 29 years in prison[1] together with terms of postrelease supervision. Defendant appeals.

We consider first defendant's argument that the conspiracy charge (count 1) and the sale charges (counts 227, 232, 244 and 245) were duplicitous.  "An indictment is duplicitous when a single count charges more than one offense" (People v Alonzo, 16 NY3d 267, 269 [2011]; see People v Dalton, 27 AD3d 779, 781 [2006], lvs denied 7 NY3d 754, 811 [2006]).  With respect to the conspiracy charge, the issue was not preserved (see People v Allen, 24 NY3d 441, 449-450 [2014]).  As to the sale counts, the issue was preserved only as to count 232 and, in any event, is unpersuasive as to all the sale counts.  Defendant asserts that it was error to inform the jury that he could be convicted of the sale crime if he sold or offered to sell cocaine.  However, the definition of a sale, which is set forth in a single statutory subdivision, includes an offer to sell as well as completing the transaction in a sale (see Penal Law § 220.00 [1]), and this does not constitute more than one offense in a single charge (see People v Giordano, 296 AD2d 714, 715-716 [2002], lv denied 99 NY2d 582 [2003]).

---

[1]  Defendant received a prison term of 5 to 15 years on count 1 to run concurrently with all sentences.  Counts 225 and 226 were concurrent to each other with a longest term of eight years in prison.  Consecutive thereto, but concurrent with each other, were counts 227, 228 and 229, with a longest term of 12 years in prison.  Consecutive thereto and consecutive to each other were the remaining counts — 232, 244 and 245 — with each being three years in prison.

Next, we turn to defendant's contention that his convictions were not supported by legally sufficient evidence and were against the weight of the evidence. "The standard for reviewing the legal sufficiency of evidence in a criminal case is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (People v Ficarrota, 91 NY2d 244, 248 [1997] [internal quotation marks, brackets, emphasis and citations omitted]; see People v Bleakley, 69 NY2d 490, 495 [1987]). In our weight of the evidence review, where, as here, a different verdict would not have been unreasonable, we independently view the evidence in a neutral light and weigh the relative strength of the conflicting proof, while giving due deference to the jury's credibility determinations (see People v Bleakley, 69 NY2d at 495; People v Robinson, 123 AD3d 1224, 1226-1227 [2014], lvs denied 25 NY3d 992, 993 [2015]; People v Crampton, 45 AD3d 1180, 1182 [2007], lv denied 10 NY3d 861 [2008]).

We find merit in defendant's contention that his convictions on counts 244 and 245 are not supported by the weight of the evidence. The evidence in support of these two counts was exceedingly sparse, particularly when considered in light of the significant amount of proof otherwise presented at trial. The evidence as to counts 244 and 245 consisted of recordings of two short phone calls — one as to each count — and the investigator's very brief explanation at trial of the calls. The investigator stated that the person talking with defendant in the two calls was as an "[u]nknown person" who went by the nickname "Beans." In the first call, Beans stated, "I got something for you to [sic]. Four zero." And, in the second, he stated, "I'm getting out (Inaudible). Three zero." In each call, the coded language was very cursory, with the purported relevant statement spoken by Beans and not by defendant. The investigator stated that he "believe[d]" that Beans was a crack user, and he interpreted Beans' coded comments as "looking for $40 worth of crack cocaine" in the first call and "$30 worth of crack cocaine" in the second. The purported drug transactions were not witnessed, Beans did not testify (nor was he identified) at trial, no cocaine from the transactions was produced and defendant's responses to Beans in the recorded calls do not clearly indicate an intent to sell

cocaine.  Although it may be feasible to infer that defendant was invited in these calls to sell $40 and $30 worth of crack cocaine, we are unwilling to infer, based on the minimal proof supporting these charges, that the alleged sales thereafter occurred.  We find that the weight of the evidence does not support defendant's guilt as to counts 244 and 245 (see People v Martin, 81 AD3d 1178, 1179-1180 [2011], lv denied 17 NY3d 819 [2011]; see also People v Jackson, 121 AD3d 1185, 1189 [2014]) and, accordingly, reverse as to such counts.

The remaining convictions are supported by legally sufficient evidence and are not against the weight of the evidence.  As to such convictions, evidence in the record includes, among other things, the recordings of extensive cell phone conversations in which defendant set up meetings for and consummated narcotics transactions in different locations at various times.  Defendant typically used language coded to disguise the nature of the transactions; however, the People presented explanatory testimony by an investigator who had expertise regarding dialogue disguised for drug dealings (see People v Inoa, ___ NY3d ___, ___, 2015 NY Slip Op 04790, *5 [2015]; People v Blackman, 118 AD3d 1148, 1150 [2014], lv denied 24 NY3d 1001 [2014]; People v Heard, 92 AD3d 1142, 1144 [2012], lv denied 18 NY3d 994 [2012]).  Defendant stresses that the People failed to recover or produce at trial any cocaine actually possessed by him.  Significantly, however, two individuals who had been indicted with defendant eventually cooperated with the People and testified against defendant.  These individuals clearly had knowledge of cocaine, they were involved in cocaine transactions with defendant and they indicated that defendant supplied a drug that they used and/or resold and that they knew to be cocaine (see People v Christopher, 161 AD2d 896, 897 [1990], lv denied 76 NY2d 786 [1990] ["In situations where the illegal substance is not available for analysis, drug users who can demonstrate a knowledge of the narcotic are competent to testify."]).  Viewed most favorably to the People, legally sufficient evidence was provided by the combination of, among other proof, the extensive phone records, the explanation of the drug-related street language used therein, coinciding transactions (some observed by police), and testimony of cooperating witnesses who had been participants in various

transactions.  In addition, after independently weighing the evidence, the convictions on the remaining counts are supported by the weight thereof.

The further arguments advanced by defendant do not require extended discussion.  Defendant's primary theory on appeal for seeking suppression of evidence obtained from the eavesdropping warrant was not preserved (see People v DePonceau, 96 AD3d 1345, 1346 [2012], lv denied 19 NY3d 1025 [2012]) and, in any event, Supreme Court did not err in denying such motion.  Nor was it error to deny defendant's motion to dismiss the indictment for alleged grand jury improprieties since, viewed in context of the extensive nature of the proof and noting the lack of prejudice to defendant, the prosecutor's conduct did not give rise to the "drastic, exceptional remedy" of dismissal pursuant to CPL 210.35 (5) (People v Sutherland, 104 AD3d 1064, 1066 [2013] [internal quotation marks and citation omitted]).  The prosecutor's comments during opening and summation about the law do not require reversal.  The comments did not inaccurately state the law and, further, the court made clear to the jury that it must accept the law as stated by the court (see People v Bush, 75 AD3d 917, 920 [2010], lv denied 15 NY3d 919 [2010]).  Given defendant's significant role in widespread drug trafficking and the fact that he was sentenced to less than the maximum for his multiple crimes committed at different times, we do not find that the sentence was unduly harsh or an abuse of discretion (see People v Acevedo, 118 AD3d 1103, 1108 [2014]; People v Souffrant, 93 AD3d 885, 887-888 [2012], lv denied 19 NY3d 968 [2012]; People v Vargas, 72 AD3d 1114, 1120-1121 [2010], lv denied 15 NY3d 758 [2010]; People v Jackson, 251 AD2d 820, 824 [1998], lv denied 92 NY2d 926 [1998]).  We have considered defendant's other arguments and find them unavailing.

McCarthy, Rose and Clark, JJ., concur.

ORDERED that the judgment is modified, on the facts, by reversing defendant's convictions of criminal sale of a controlled substance in the third degree under counts 244 and 245 of the indictment; said counts dismissed and the sentences imposed thereon vacated; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court