*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 14, 2016        105400
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                Respondent,

      v                         MEMORANDUM AND ORDER

KENNETH WILLIAMS, Also Known
    as KEN,
                Appellant.
_____

Calendar Date: February 10, 2016

Before: Peters, P.J., Garry, Rose, Devine and Clark, JJ.

_____

George J. Hoffman Jr., Albany, for appellant, and appellant pro se.

Eric T. Schneiderman, Attorney General, New York City (Lisa E. Fleischmann of counsel), for respondent.

_____

Garry, J.

Appeal from a judgment of the Supreme Court (Breslin, J.), rendered September 6, 2012 in Albany County, upon a verdict convicting defendant of the crimes of conspiracy in the second degree, criminal sale of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.

Following an investigation by the Attorney General's Organized Crime Task Force, defendant and numerous other individuals were charged in a sweeping indictment with various crimes arising from alleged narcotics trafficking. After a

superceding indictment was consolidated with a conspiracy count from the original indictment, defendant eventually went to trial on six counts: conspiracy in the second degree; criminal sale of a controlled substance in the first degree (two counts); criminal possession of a controlled substance in the first degree; criminal possession of a controlled substance in the third degree; and operating as a major trafficker. He was tried jointly with three codefendants, two of whom – Juan Rivera Baez and Lashon Turner – pleaded guilty during trial. The third, Norman Whitehead Jr., was found guilty of nine counts, two of which this Court subsequently reversed (People v Whitehead, 130 AD3d 1142 [2015], lv granted 26 NY3d 1043 [2015]). Defendant was acquitted of operating as a major trafficker, but found guilty of the remaining five counts. He was sentenced as a second felony offender to an aggregate prison term of 42 years and five years of postrelease supervision.

Defendant argues that his convictions are not supported by legally sufficient evidence and are against the weight of the evidence. Initially, we note that, as defendant did not renew the motion to dismiss at the close of his proof, his argument that the verdict is not supported by legally sufficient evidence is unpreserved (see People v Valverde 122 AD3d 1074, 1075 [2014]; People v Smith, 96 AD3d 1088, 1088 [2012], lv denied 20 NY3d 935 [2012]). "Nevertheless, since defendant also attacks the verdict as against the weight of the evidence, we will consider the evidence adduced as to each of the elements of the challenged crimes in the context of that review" (People v Vargas, 72 AD3d 1114, 1116 [2010], lv denied 15 NY3d 758 [2010] [citation omitted]; see People v Race, 78 AD3d 1217, 1219 [2010], lv denied 16 NY3d 835 [2011]). Where, as here, "it would have been reasonable for the factfinder to reach a different conclusion, then [we] must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Romero, 7 NY3d 633, 643 [2006] [internal quotation marks and citation omitted]; see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]).

The People's proof focused primarily on two purported cocaine transactions. The first of these took place on February 25, 2011 and provided the basis for the first count of criminal sale of a controlled substance in the first degree. A second transaction on February 27, 2011 led to the second criminal sale in the first degree count, as well as the charges of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree. The first degree sale and possession charges are the class A felonies that defendant allegedly conspired with others to perform, underlying the count of conspiracy in the second degree.

Broadly stated, the People's theory was that defendant, who was based in New York City, was a supplier of cocaine to upstate sellers, including codefendant Whitehead, who is his half brother; Whitehead then sold the cocaine obtained from defendant to individuals in the Albany area, including Carl Goodson and Karashan Mansaray, both of whom cooperated with the People. At trial, Dennis Guiry, an investigator with the Organized Crime Task Force who had extensive experience in narcotics investigations, provided his interpretation of the coded language used in intercepted communications among the individuals involved. On the day before the February 25, 2011 transaction, Whitehead called defendant and, in coded language, discussed purchasing cocaine and the price per gram. Whitehead was also in contact with Goodson — a user and seller of cocaine who had purchased from Mansaray — and they discussed Goodson's need for a new supplier. On February 25, defendant informed Whitehead that he had cocaine for him. Whitehead traveled to New York City and was in telephone contact during the day with defendant and Goodson, who was also in New York City that day. A drug transaction was discussed and Whitehead met defendant; immediately thereafter, Whitehead contacted and met with Goodson. Goodson testified that he purchased 30 grams of cocaine from Whitehead during this meeting and that he used some of the product, which he opined was cocaine. Thereafter, separate phone conversations by Whitehead with Goodson and Mansaray revealed that Whitehead also cooked 120 grams of cocaine from this transaction into crack cocaine.

With respect to the February 27, 2011 transaction, intercepted calls between defendant and Whitehead revealed that, using coded language, Whitehead initially told defendant that he wished to purchase 300 grams of cocaine. Whitehead expressed concern that Mansaray, his potential buyer, was growing impatient and might use another supplier; this concern was confirmed by Mansaray himself in other intercepted calls. Mansaray testified that he discussed a purchase of 500 grams of cocaine with Whitehead, and that he was willing to meet defendant, but Whitehead determined that it would be better if Whitehead did so. Defendant and Whitehead discussed meeting at a shopping plaza in Orange County, and Whitehead told defendant that he now wanted 480 grams of cocaine, which he planned to combine with an additive bringing it to the 500 grams requested by Mansaray. On February 27, defendant and Whitehead were observed by police meeting at the shopping plaza. Whitehead was then followed back to the City of Albany; during this trip he called Mansaray, confirmed that everything was "good" and made plans to meet at a designated location. After stopping briefly at his residence, Whitehead proceeded to the designated meeting place where, by Mansaray's testimony, Whitehead sold 500 grams of cocaine to Mansaray.

Defendant argues that his coded language pertained not to cocaine but to marihuana. However, the jury heard and rejected this argument. Defendant further argues that the People failed to produce any actual cocaine linked to him. As explained within Whitehead's appeal from their joint trial, however, witnesses who were involved in the transactions and had extensive firsthand knowledge about the use of cocaine did confirm that the substance was, in fact, cocaine. The jury was entitled to credit their testimony (see People v Whitehead, 130 AD3d at 1145). Moreover, as we noted in Whitehead, the People presented proof of intercepted phone calls, explanations of coded language, movements and actions by defendant and his coconspirators consistent with planned transactions discussed in their phone calls, and testimony from individuals involved at various levels of the transactions (id. at 1144-1145). Viewing the evidence in a neutral light while according deference to the jury's credibility determinations, the weight of the evidence supports defendant's convictions (see People v Brabham, 126 AD3d 1040,

1043 [2015], lvs denied 25 NY3d 1160, 1171 [2015]; People v Ormsby, 119 AD3d 1159, 1160 [2014], lv denied 24 NY3d 963 [2014]).

We reject defendant's contention that evidence obtained from an eavesdropping warrant should have been suppressed on the ground that the warrant application was based upon false representations by the People. The application was based upon a police detective's affidavit asserting, among other things, that Whitehead was seen placing a plastic bag in the trunk of his car during the meeting with defendant at the shopping plaza. The detective who signed the affidavit stated therein that he did not observe the transaction itself, but viewed a videotape taken by another detective and saw "a plastic bag containing what appears to be cocaine." Following the denial of defendant's omnibus motion — which had sought to suppress evidence obtained from the eavesdropping warrant on other grounds — defendant moved for renewal and submitted enhanced still photographs taken from the video that, according to defendant, revealed that the item placed in the trunk was not a bag of powder, but a jug of windshield washer fluid. In opposing the motion, the People asserted that all of the prosecutors and law enforcement officers who saw the video before it was enhanced believed that the object was a plastic bag of cocaine, and that even after defense counsel obtained the enhanced still pictures, some officers continued to believe that the object was a bag.[1]

Supreme Court refused to suppress the evidence, finding that whether the item in the enhanced photographs was a bag or a jug was a factual question for the jury, and that there was significant other evidence that a drug transfer had taken place, including, among other things, transcripts of wiretapped conversations among defendant, Whitehead and the other individuals involved in the transaction and observations of their

-------

[1] Even at trial, the detective who observed and videotaped the transaction testified that it was difficult to tell what was depicted in the enhanced photographs and that he continued to believe that the item looked more like a bag than a jug in some of the photos.

conduct.  The court properly refused to suppress the evidence obtained under the eavesdropping warrant on this basis, as defendant did not meet his burden to prove that the statements in the warrant application "were knowingly false or made in reckless disregard of the truth" (People v Griffin, 234 AD2d 718, 720 [1996], lv denied 89 NY2d 1036 [1997]; see Franks v Delaware, 438 US 154, 155-156 [1978]; People v Ronning, 137 AD2d 43, 46 [1988], lv denied 72 NY2d 866 [1988]).  Moreover, even if the statements pertaining to the item in the trunk were excluded, the affidavit's remaining content was sufficient to demonstrate the existence of probable cause (see Franks v Delaware, 438 US at 156).  Defendant's remaining appellate challenges to the eavesdropping warrant are unpreserved (see People v Whitehead, 130 AD3d at 1145; People v DePonceau, 96 AD3d 1345, 1346 [2012], lv denied 19 NY3d 1025 [2012]).

Supreme Court did not err in denying defendant's request to submit various lesser included offenses to the jury.  "A defendant is entitled to a lesser included offense charge upon showing, first, that it is impossible to commit the greater crime without committing the lesser and, second, that a reasonable view of the evidence supports finding that defendant committed the lesser but not the greater offense" (People v Fairley, 63 AD3d 1288, 1289 [2009], lv denied 13 NY3d 743 [2009] [internal quotation marks and citations omitted]; see People v Barney, 99 NY2d 367, 371 [2003]).  Defendant argues that his requests for lesser included offenses based upon the weight of cocaine should have been granted, as no cocaine was recovered and weighed. However, the only proof at trial regarding the quantity of cocaine in each transaction indicated large quantities, establishing the charged first degree crimes.  There was no evidence for a jury to conclude that a sale or possession occurred, but for a lesser quantity of cocaine.  Thus, "without resorting to speculation, there is no reasonable view of the evidence which would support a finding that the defendant committed [the] lesser offense but did not commit the greater" (People v Lane, 241 AD2d 763, 765 [1997], lv denied 91 NY2d 875 [1997] [internal quotation marks, brackets and citation omitted]; see People v Flores, 84 NY2d 957, 960 [1994]; People v Acevedo, 118 AD3d 1103, 1107 [2014], lv denied 26 NY3d 925 [2015]).

Several of defendant's remaining arguments are essentially the same as those deemed to be unpersuasive in the appeal of his codefendant Whitehead.  These include whether the conspiracy and sales charges were duplicitous, whether the prosecutor's comments before the jury about the law deprived defendant of a fair trial, and whether there were improprieties before the grand jury that merit reversal (People v Whitehead, 130 AD3d at 1143).  Nothing in defendant's arguments persuades us that these issues should be decided differently upon this appeal.

Defendant raises several arguments regarding his sentence. With respect to his second felony offender status, he admitted to a prior federal felony conviction for attempted possession of cocaine with intent to distribute, and his current argument that this crime has no New York equivalent is unpreserved (see People v Smith, 73 NY2d 961, 962-963 [1989]; see also People v Jurgins, 26 NY3d 607, 611-612 [2015]).  Although defendant received a sentence substantially longer than the 10 years offered early in the proceedings, there is no evidence that he was penalized for exercising his right to a jury trial (see People v Cruz, 131 AD3d 724, 728 [2015], lv denied 26 NY3d 1087 [2015]; People v Rodriguez, 121 AD3d 1435, 1443 [2014], lv denied 24 NY3d 1122 [2015]; People v Danford, 88 AD3d 1064, 1068-1069 [2011], lv denied 18 NY3d 882 [2012]).  Defendant's sentence, while lengthy, did not constitute an abuse of discretion, nor are there extraordinary circumstances meriting reduction (see People v Grajales, 294 AD2d 657, 659 [2002], lv denied 98 NY2d 697 [2002]; People v Valencia, 263 AD2d 874, 877 [1999], lv denied 94 NY2d 799 [1999]; People v Morgan, 253 AD2d 946, 946 [1998], lv denied 92 NY2d 950 [1998]).  Supreme Court imposed less than the maximum permissible sentence, defendant's history included a drug-related federal felony conviction and a state felony conviction for possessing a loaded weapon and, as the court stated at sentencing, the transactions underlying the current crimes involved substantial quantities of cocaine.

The remaining arguments have been considered and are unavailing.

Peters, P.J., Rose, Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court