People v Williams (2021 NY Slip Op 03634)





People v Williams


2021 NY Slip Op 03634


Decided on June 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 10, 2021

111951
[*1]The People of the State of New York, Respondent,
v
Kenneth Williams, Also Known as Ken, Appellant.

Calendar Date:April 28, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
Letitia James, Attorney General, New York City (Lisa E. Fleischmann of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered April 25, 2019 in Albany County, which resentenced defendant following his conviction of the crimes of conspiracy in the second degree, criminal sale of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.
As a result of his involvement in a large scale narcotics distribution ring, defendant was convicted after a jury trial of conspiracy in the second degree, two counts of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree. In 2012, he was sentenced as a second felony offender to an aggregate prison term of 42 years, followed by five years of postrelease supervision. The judgment of conviction was later affirmed by this Court (People v Williams, 138 AD3d 1233 [2016], lvs denied 28 NY3d 932, 939 [2016]).
In 2018, defendant moved pursuant to CPL 440.20 to set aside the sentence on the ground that his underlying federal crime, which provided the basis for sentencing him as a second felony offender, did not constitute a felony under New York law. The People conceded that the federal crime could not serve as a predicate offense, but noted that defendant had a 2005 conviction for criminal possession of a weapon in the third degree that could serve as a predicate felony conviction. Accordingly, Supreme Court granted defendant's motion, set aside the sentence and continued the matter for further proceedings. At the time of resentencing, defendant had a pending pro se CPL 440.10 motion challenging the 2005 conviction that had yet to be decided. Consequently, Supreme Court continued to treat defendant as a second felony offender and imposed the same sentence that it had previously imposed.
Defendant's pro se CPL 440.10 motion was subsequently granted and his 2005 conviction vacated. In view of this, Supreme Court conducted further proceedings and resentenced defendant, as a first felony offender, to an aggregate prison term of 27 to 32 years. Defendant appeals.
Defendant contends, among other things, that the term of imprisonment imposed upon resentencing is harsh and excessive. Upon a thorough review of the facts of this case, given that defendant's 2005 conviction was vacated, which was one of the facts supporting Supreme Court's imposition of consecutive sentences, we find that a reduction in defendant's sentence is warranted. Accordingly, defendant's sentences are hereby modified to run concurrently instead of consecutively.
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is modified, on the facts, by directing that all prison sentences imposed upon defendant run concurrently rather than consecutively, and, as so modified, affirmed.