People v Bundy (2023 NY Slip Op 00932)

People v Bundy

2023 NY Slip Op 00932

Decided on February 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 16, 2023

Before: Renwick, J.P., Oing, Mendez, Rodriguez, Pitt-Burke, JJ. 

Ind No. 4977/12 Appeal No. 17342 Case No. 2017-1550 

[*1]The People of the State of New York, Respondent,
v
Leroy Bundy, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), and Jodi Morales, Bronx, for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Brent E. Yarnell of counsel), for respondent.

Judgment, Supreme Court, New York County (Michael J. Obus, J. at initial severance motion; Charles H. Solomon, J. at renewed motion, jury trial and sentencing), rendered February 11, 2016, convicting defendant of conspiracy in the second degree, criminal sale of a controlled substance in the first degree, and criminal possession of a controlled substance in the second degree, and sentencing him, as a second felony drug offender, to concurrent terms of 10 to 20 years, 18 years, and 12 years, respectively, unanimously affirmed.
Defendant did not preserve his claim that the evidence was legally insufficient to establish the type or quantity of the drugs, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits, and we also find that the verdict was not against the weight of the evidence as to any elements of the crime (see People v Danielson, 9 NY3d 342, 348 [2007]). Although the controlled substance at issue was not available for analysis, an experienced narcotics dealer testified that he negotiated with defendant to buy cocaine and received 120 grams of the drug, and he described the process of attempting to cook it into crack cocaine in the presence of another narcotics dealer, who also testified that he recognized the substance as cocaine (see People v Khan, 18 NY3d 535, 542-43 [2012]; People v Whitehead, 130 AD3d 1142, 1145 [3d Dept 2015], affd 29 NY3d 956 [2017]; see also People v Kenny, 30 NY2d 154, 157-58 [1972]).
Defendant's claim of ineffective assistance of counsel, based on his trial counsel's failure to request an accomplice-in-fact charge with respect to the narcotics dealer who observed the cooking process, is unreviewable on direct appeal because it involves matters of strategy not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). To the extent defendant made a CPL 440.10 motion, he has not obtained leave to appeal to this Court. Accordingly, the merits of the present ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that failure to request the instruction at issue fell below an objective standard of reasonableness, or that it deprived defendant of a fair trial or affected the outcome of the case. Defendant has not shown that the instruction was warranted by the evidence, that it would have been granted, or that, if granted, there is a reasonable likelihood of a different result. We decline to review in the interest of justice defendant's unpreserved claim that this instruction should have been given, and we alternatively reject it on the merits.
The motion and trial court providently exercised their discretion in denying defendant's motion to sever [*2]his trial from that of his codefendant, made on the ground of antagonistic defenses (see People v Mahboubian, 74 NY2d 174, 183-184 [1989]). Defendant primarily defended himself by challenging the People's jurisdiction and arguing that any drug deal had been completed in Connecticut; codefendant's counsel did not elicit evidence that undermined that defense or further inculpated defendant with respect to those crimes (see People v Cardwell, 78 NY2d 996, 998 [1991]). Although codefendant's counsel argued that a prior inconsistent statement of a witness implicated defendant in the subsequent shooting, the witness testified that the codefendant was the shooter and that defendant did not participate in the attack. Defendant was not charged with any crimes related to the shooting, and those arguments could not reasonably have caused the jury to convict defendant of the drug-related crimes.
Defendant was properly adjudicated a second felony drug offender based upon a Connecticut drug conviction. The court properly consulted the accusatory instrument and plea records, which established that the predicate crime involved possession with intent to distribute cocaine (see People v Jurgins, 26 NY3d 607, 613-14 [2015]; People v Beachum, 154 AD3d 559 [1st Dept 2017], lv denied 30 NY3d 1103 [2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2023