■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIM ALFONSO, Appellant. [827 NYS2d 39]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered July 1, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (four counts) and conspiracy in the second degree, and sentencing him to three consecutive terms of 2 to 6 years, to run concurrently with two concurrent terms of 2 to 6 years, unanimously affirmed.

Defendant did not preserve his present argument that the court should have instructed the jury to acquit him of the conspiracy charge if it found that there were multiple conspiracies, and we decline to review it in the interest of justice. Although defendant joined in his codefendant's request for such a charge, that request was made on a theory that was not only significantly different from, but was actually contradictory to, the theory defendant now raises on appeal. Were we to review this claim, we would find that there was no reasonable view of the evidence, viewed most favorably to defendant, to support such a charge (compare People v Leisner, 73 NY2d 140, 148-151 [1989]). Defendant was convicted of participating in a conspiracy that sold drugs from two adjoining buildings. Although there were two separately managed operations, they were so closely linked that they could only be viewed as a single conspiracy (see United States v Aracri, 968 F2d 1512, 1521 [2d Cir 1992]; United States v Maldonado-Rivera, 922 F2d 934, 962-963 [2d Cir 1990], cert denied 501 US 1233 [1991]).

We perceive no basis for reducing the sentence. Concur— Buckley, P.J., Tom, Mazzarelli, Friedman and McGuire, JJ.