■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL ELLIS, Also Known as LUCKY, Appellant. [845 NYS2d 565]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 10, 2005 in Albany County, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

City of Albany police detective Rick Vincent and other officers

used a confidential informant (hereinafter CI), who was wearing a wire and given prerecorded money, to conduct a controlled purchase of cocaine from suspected drug dealers. After the CI made telephonic contact with the suspects, he was picked up in a vehicle driven by Roderick Wilson with defendant in the front passenger's side. Officers watched the CI until he entered the vehicle and then monitored the transaction via the CI's wire. Once the CI exited the vehicle, Vincent recovered four bags of crack cocaine that the CI had purchased. Other officers then stopped the vehicle and found $20 of the prerecorded money on Wilson and $20 on defendant. Defendant was charged with one count of criminal sale of a controlled substance in the third degree and, following a jury trial, he was found guilty. He was sentenced as a second felony offender to a prison term of $4^{1}/_{2}$ to 9 years. Defendant appeals.

Initially, we are unpersuaded by defendant's argument that the jury's verdict was not supported by legally sufficient evidence. "Evidence is legally sufficient if, when viewed in a light most favorable to the People, there exists any valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the fact finder" (*People v Logan*, 19 AD3d 939, 942 [2005], *lv denied* 5 NY3d 830 [2005] [internal quotation marks and citations omitted]; *accord People v Lynch*, 95 NY2d 243, 247 [2000]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). The CI's testimony reflected that defendant had two bags of cocaine and that he gave defendant $40. Shademia Thompson, who was riding in the back seat of the vehicle, witnessed the transaction and recalled seeing defendant take money from the CI and then pass cocaine to him. Shortly after the transaction, defendant was found by police to be possessing $20 of the total $40 in prerecorded money provided by police to the CI for the transaction. The record contains legally sufficient evidence to uphold defendant's conviction (*see generally People v Stephens*, 31 AD3d 890, 891 [2006], *lv denied* 7 NY3d 870 [2006]).

The indictment was not, as urged by defendant, duplicitous. The alleged crime involved a single transaction in which defendant and Wilson acted in concert to consummate the deal with the CI, and Supreme Court so charged the jury (*see People v Coleman*, 26 AD3d 773, 774-775 [2006], *lv denied* 7 NY3d 754 [2006]; *People v Del-Debbio*, 244 AD2d 195, 195 [1997], *lv denied* 91 NY2d 925 [1998]).

The denial of defendant's motion to suppress the prerecorded $20 found on defendant without conducting a *Mapp* hearing was not, under the facts of this case, error since the application

did not set forth sufficient sworn factual allegations to mandate a hearing (*see People v Mendoza*, 82 NY2d 415, 430 [1993]; *People v Richardson*, 28 AD3d 1002, 1005 [2006], *lv denied* 7 NY3d 817 [2006]; *cf. People v Bryant*, 8 NY3d 530, 533-534 [2007]).

We have considered and found unavailing defendant's contentions that the prosecutor engaged in acts of misconduct before the grand jury and at trial which impaired the integrity of the grand jury and deprived him of a fair trial, he did not receive the effective assistance of counsel, and the sentence was excessive.

Cardona, P.J., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.