■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL GALVEZ, Appellant. [924 NYS2d 384]—

Judgment, Supreme Court, New York County (William A. Wetzel, J., at suppression hearing; Edward J. McLaughlin, J., at jury trial and sentencing), rendered March 24, 2009, convicting defendant of murder in the second degree, and sentencing him to a term of 22 years to life, unanimously affirmed.

The court did not improperly delegate its authority when, after permitting a juror to separate from the other deliberating jurors for a short break, it directed a court officer to instruct the juror as to his responsibilities during the break and to tell the other jurors not to deliberate in the absence of the twelfth juror. These instructions were purely ministerial (*see e.g. People v Nacey*, 78 NY2d 990, 991 [1991]; *People v Bonaparte*, 78 NY2d 26, 30 [1991]; *People v Crespo*, 267 AD2d 36 [1999], *lv denied* 94 NY2d 878 [2000]). Defendant's argument that special circumstances required the court to deliver these instructions personally is based on speculation as to the jury's deliberations, and is unpersuasive.

Earlier on the same day that the juror asked to take a break, the jury sent a note saying it had reached a verdict; 10 minutes later, it sent another note asking the court to disregard the previous note. These notes were not disclosed to counsel, and the record does not indicate whether the court was aware of them. Although the procedure set forth in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) was not followed, this does not warrant reversal. One note simply negated the other, and neither note requested or required a response (*see generally People v*

*Williams*, 38 AD3d 429, 430 [2007], *lv denied* 9 NY3d 965 [2007]). Accordingly, there was no need for any input by counsel.

Defendant did not preserve the argument that his statements should have been suppressed because the detective's translation of the *Miranda* warnings was inadequate. Regardless of what defense counsel may have been alluding to in his colloquy with the hearing court (*see People v Borrello*, 52 NY2d 952 [1981]), this was insufficient to preserve defendant's present claim, and the court did not "expressly decide[ ]" the issue "in response to a protest by a party" (CPL 470.05 [2]; *see People v Colon*, 46 AD3d 260, 263 [2007]). We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find it unsupported by the hearing record. We have considered and rejected defendant's remaining suppression argument.

We perceive no basis for reducing the sentence. Concur—Saxe, J.P., DeGrasse, Freedman, Abdus-Salaam and Manzanet-Daniels, JJ.