Lahtinen, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered April 22, 2011, upon a verdict convicting defendant of the crimes of robbery in the second degree (four counts), grand larceny in the fourth degree and assault in the second degree (two counts).
Defendant was part of a gang known as Black Mask Black Glove and, together with several gang members, allegedly participated in assaulting and taking property from victim A during the late afternoon of November 14, 2009 near a shopping plaza in the City of Kingston, Ulster County. Approximately an hour after the first incident and at the same plaza, defendant and gang members assaulted and removed property from victim B. Later that month on November 29, 2009 in Kingston, victim C’s purse was allegedly snatched from her by defendant as he and another individual rode past her on bicycles. Defendant was charged in a seven-count indictment with four counts of robbery in the second degree and two counts of assault in the second degree as a result of the two incidents occurring on November 14, 2009, as well as one count of grand larceny in the fourth degree for his conduct on November 29, 2009. A jury found him guilty of all seven counts and he received concurrent sentences, the longest of which was 15 years in prison, and five years of postrelease supervision on each of the four robbery counts. Defendant appeals.
Defendant argues that two of the robbery counts, as well as the assault and grand larceny counts, were duplicitous. This issue was not raised before County Court and, thus, has not been properly preserved for our review (see People v Becoats, 17 NY3d *1019 643, 650-651 [2011], cert denied 566 US —, 132 S Ct 1970 [2012]; People v Hayes, 104 AD3d 1050, 1053 [2013], lv denied 22 NY3d 1041 [2013]; People v Houghtaling, 79 AD3d 1155, 1156 [2010], lv denied 17 NY3d 806 [2011]). In any event, the argument is without merit. The allegations that defendant acted in concert with others went to his criminal culpability as an accomplice and did not result in those counts being duplicitous (see People v Pierce, 106 AD3d 1198, 1201 n 2 [2013]; People v Robinson, 53 AD3d 681, 683-684 [2008], lv denied 11 NY3d 794 [2008]). Each disputed count charged a single offense and the evidence at trial, as well as the instructions to the jury, made plain that each count involved a single criminal act (see generally People v Crampton, 45 AD3d 1180, 1182 [2007], lv denied 10 NY3d 861 [2008]; People v Ellis, 45 AD3d 1048, 1049 [2007], lv denied 10 NY3d 764 [2008]).
Next, defendant asserts that the proof at trial was insufficient to support his conviction on the four robbery counts. Although his general trial motion to dismiss did not preserve his claim regarding legal insufficiency of the evidence, to the extent that defendant raises a weight of the evidence challenge, we will nonetheless consider the proof under our weight of the evidence review (see People v Nisselbeck, 85 AD3d 1206, 1207 n 1 [2011]; People v Nesbitt, 69 AD3d 1109, 1110-1111 [2010], lv denied 14 NY3d 843 [2010]). Since a different verdict would not have been unreasonable, “we view the evidence in a neutral light, weigh conflicting testimony and evaluate any reasonable inferences from the evidence in considering whether the jury justifiably found defendant guilty beyond a reasonable doubt” (People v Hatchcock, 96 AD3d 1082, 1084 [2012], lv denied 19 NY3d 997 [2012]; see People v Bleakley, 69 NY2d 490, 495 [1987]). We accord deference to “the jury’s ability to view the witnesses and determine credibility” (People v Mateo, 101 AD3d 1458, 1459-1460 [2012], lv denied 21 NY3d 913 [2013]; see People v Castellano, 100 AD3d 1256, 1258 [2012], lv denied 20 NY3d 1096 [2013]).
Defendant was charged under Penal Law § 160.10 (1) and (2) (a) for each of the two alleged robberies. Evidence at trial in support of those counts included, among other things, testimony from victims A and B, both of whom described being confronted by a group of young men who struck and took property from each. Victim A suffered a fractured nose. Victim B, who had facial bruises and swelling around his eyes, was taken via ambulance to a hospital for treatment of his injuries. A gang member testified that one of the goals of the gang was to randomly assault people and sometimes take their property. He *1020 stated that defendant was present at both incidents on November 14, 2009 and he recalled that defendant took each victim’s property, thereafter throwing victim A’s property into nearby bushes and victim B’s property over a fence. Defendant had given police a recorded statement, which was received into evidence. He acknowledged being a gang member and being present at both incidents. He also recalled moving property of each victim; however, he indicated that he had no intent to take the property. Defendant testified at trial and disavowed his recorded statement to police claiming that it was given under threat of physical force. He claimed that he was not present at the first incident and had minimal involvement in the second. The jury was presented with credibility issues, which it resolved against defendant. Deferring to those determinations and upon weighing and considering the proof in the record, we are unpersuaded that the verdict was against the weight of the evidence.
County Court permitted, after a Ventmiglia hearing, proof regarding defendant’s gang membership. Defendant contends that this ruling constituted reversible error. We cannot agree. County Court determined that the evidence was relevant to show defendant’s motive and intent, and supplied necessary background of the events and relationships of those involved in the apparent random assaults in which only a small amount of property was taken from each victim (see People v Johnson, 106 AD3d 1272, 1274 [2013], lv denied 21 NY3d 1043 [2013]; People v Lee, 80 AD3d 877, 880 [2011], lv denied 16 NY3d 833 [2011]; People v Oliver, 19 AD3d 512, 512-513 [2005], lv denied 5 NY3d 808 [2005]). The probative value of the evidence was properly weighed by the court against the potential for prejudice (see People v Reid, 97 AD3d 1037, 1038 [2012], lv denied 19 NY3d 1104 [2012]; People v Smith, 63 AD3d 1301, 1303 [2009], lv denied 13 NY3d 862 [2009]), and it gave appropriate limiting instructions regarding the proof to the jury (see People v Collazo, 45 AD3d 899, 901 [2007], lv denied 9 NY3d 1032 [2008]; People v Craft, 36 AD3d 1145, 1149 [2007], lv denied 8 NY3d 945 [2007]; People v Faccio, 33 AD3d 1041,1042 [2006], lv denied 8 NY3d 845 [2007]).
Peters, EJ., Garry and Rose, JJ., concur.
Ordered that the judgment is affirmed.