■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS WILLIAMS, Appellant. [999 NYS2d 336]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, Bronx County (Ana Lisa Torres, J.), rendered on or about November 30, 2009, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Mazzarelli, J.P., Sweeny, Andrias, Moskowitz and Richter, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAHLYL LAYNE, Appellant. [1 NYS3d 86]—Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered November 29, 2011, as amended December 12, 2011, convicting defendant, after a jury trial, of conspiracy in the second and fourth degrees, and sentencing him to an aggregate term of 7½ to 23½ years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant's participation in a conspiracy to sell drugs and possess weapons was established by recorded telephone conversations, as well as police observations of defendant at the drug-selling location. The only reasonable interpretation of the recorded calls was that defendant was exercising a supervisory role over the operation, rather than merely chatting about other persons' criminal activity. In addition to establishing the conspiracy, defendant's instructions to others satisfied the requirement of overt acts (see People v Lugo, 309 AD2d 512, 513 [1st Dept 2003], lv denied 1 NY3d 598 [2004]).

The court properly admitted declarations by coconspirators during the course and in furtherance of the conspiracy. The People established a prima facie case of conspiracy against defendant based upon his own statements and other evidence, without resort to the declarations sought to be introduced (see generally People v Salko, 47 NY2d 230, 237-238 [1979]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Sweeny, Andrias, Moskowitz and Richter, JJ.