■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY BROWN, Appellant. THE PEOPLE OF THE STATE OF NEW

York, Respondent, v Habiyb Mohammed, Appellant. The People of the State of New York, Respondent, v Jaquan Layne, Appellant. [37 NYS3d 111]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered November 29, 2011, as amended as to defendant Brown December 12, 2011, convicting each defendant, after a jury trial, of conspiracy in the first and second degrees, and also convicting defendants Layne and Brown of conspiracy in the third and fourth degrees, and sentencing Brown and Mohammed to aggregate terms of 15 years to life, and sentencing Layne to an aggregate term of 20 years to life, unanimously affirmed as to defendants Brown and Layne and unanimously reversed, on the law, as to defendant Mohammed, and the indictment dismissed.

Defendants Layne, Brown, Mohammed, and 11 codefendants—Jonathan Hernandez, Dashawn Davis, Malik Layne, Jahlyl Layne, Afrika Owes, Jazeke Samuels, Pierce Gross, Brandon Santiago, Jarel Robinson, Tyrone Gibbs and Louis Williams—were charged by indictment with conspiracy and related crimes. The verdict as to Brown and Layne was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]).

Extensive recorded telephone conversations, and other evidence, established defendants Brown's and Layne's participation in a central conspiracy. References in these conversations supported reasonable inferences that defendants Brown and Layne intended to possess or sell cocaine in quantities that met the statutory threshold for a class A felony (see People v Hill, 85 NY2d 256, 263 [1995]; People v Wright, 139 AD3d 1094, 1095-1097 [3d Dept 2016]).

Defendants Brown's and Layne's remaining arguments regarding the sufficiency and weight of the evidence are without merit.

For the reasons stated in our decision on another jointly tried codefendant's appeal (People v Layne, 124 AD3d 466 [1st Dept 2015]), we conclude that the court properly admitted declarations by conspirators made in the course and in furtherance of the conspiracy. Defendants Brown's and Layne's argu-

ments regarding the scope of our review of the court's ruling are unavailing (*see People v Nicholson*, 26 NY3d 813 [2016]; *People v Garrett*, 23 NY3d 878, 885 n 2 [2014]).

The court properly denied defendant Layne's request to charge separate conspiracies. Layne's remaining arguments on this subject are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. There was no reasonable view of the evidence that there was any conspiracy narrower in scope than the single conspiracy charged in the indictment such that the jury should have been instructed to acquit in the event that something other than a single integrated conspiracy was proven (*see People v Leisner*, 73 NY2d 140, 150 [1989]).

The court did not violate defendants Brown's and Layne's right to be present, or commit any mode of proceedings error, when it conducted a preliminary screening of prospective jurors in defendants' absence (*see People v Camacho*, 90 NY2d 558 [1997]; *see also People v King*, 27 NY3d 147, 153-157 [2016]), and when it delegated to a court officer the ministerial function of giving the jury the "usual" separation instructions at the end of the fourth day of deliberations (*see People v Galvez*, 85 AD3d 444, 444 [1st Dept 2011], *lv denied* 17 NY3d 816 [2011]; *People v Crespo*, 267 AD2d 36 [1st Dept 1999], *lv denied* 94 NY2d 878 [2000]). We perceive no basis for reducing Layne's sentence.

We find that defendant Mohammed's conviction was not supported by legally sufficient evidence. In determining whether the jury's verdict is supported by legally sufficient evidence, the reviewing court must decide "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial[,] and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]), including the identity of the defendant who committed the crime charged (*see People v Contes*, 60 NY2d 620 [1983]). While there was sufficient evidence to show that a person by the name of Habiyb Mohammed took part in the conspiracy, the record is devoid of any identification of defendant Mohammed to be that same Habiyb Mohammed. Concur—Friedman, J.P., Acosta, Saxe, Gische and Webber, JJ.