*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 10, 2016                    106339
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                        MEMORANDUM AND ORDER

SPENCER L. DECOSTE,
                    Appellant.
_____

Calendar Date:  September 20, 2016

Before:  Peters, P.J., McCarthy, Garry, Lynch and Rose, JJ.

_____

        Elena Jaffe Tastensen, Saratoga Springs, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A.
Douthat of counsel), for respondent.

_____

        Appeal from a judgment of the County Court of Clinton
County (Ryan, J.), rendered October 29, 2013, which revoked
defendant's probation and imposed a sentence of imprisonment.

        In 2012, defendant pleaded guilty to two counts of criminal
possession of a controlled substance in the fifth degree and was
sentenced to six months in jail and five years of probation.  In
March 2013, after admitting to violating the terms of his
probation, his probation was amended to include his participation
in a drug court program.  Defendant thereafter was sanctioned for
several violations of the drug court program between July 2013
and October 2013, but was continued on probation.  Ultimately,
defendant was terminated from the drug court program and, as a
result, County Court revoked his probation and sentenced him to
two consecutive terms of two years in prison, to be followed by

one year of postrelease supervision.[1]  Defendant now appeals.

Defendant's sole contention on appeal is that his sentence is harsh and excessive.  We disagree.  "A sentence that is within the permissible statutory range will not be disturbed unless the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (People v Ciarleglio, 299 AD2d 571, 572 [2002] [citations omitted]; accord People v Lowe, 53 AD3d 982, 983 [2008]).  Here, the sentence imposed was less than the maximum permissible sentence (see Penal Law § 70.70 [2] [a] [iii]).  Moreover, defendant was unable to comply with the terms of his probation, despite being provided numerous opportunities to do so.  Under these circumstances, we find no abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v King, 93 AD3d 995, 996 [2012]; People v Smurphat, 91 AD3d 980, 981 [2012], lv denied 18 NY3d 962 [2012]).

Peters, P.J., McCarthy, Garry, Lynch and Rose, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court


---

[1]  Although County Court attempted to impose consecutive periods of postrelease supervision, the periods merged by operation of law (see Penal Law § 70.45 [5] [c]; People v Thorpe, 141 AD3d 927, 928 n 1 [2016]).