People v Small (2019 NY Slip Op 05720)





People v Small


2019 NY Slip Op 05720


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

109163

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NAQUAN D. SMALL, Appellant.

Calendar Date: May 31, 2019

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ.


Del Atwell, East Hampton, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Mariah Foster, Law Intern), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered February 9, 2017, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.
In April 2016, defendant was charged by indictment with one count of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree arising from an allegation that he sold heroin to a confidential informant (hereinafter CI) during a "buy-bust" operation at a convenience store located in the City of Binghamton, Broome County. Defendant subsequently filed an omnibus motion seeking, among other things, suppression of the CI's show-up identification, which motion County Court summarily denied without a hearing. Following a jury trial, defendant was convicted as charged and he was thereafter sentenced, as a second felony offender, to concurrent prison terms of 10 years on each conviction, to be followed by three years of postrelease supervision. Defendant appeals.
We affirm. Defendant's conviction was supported by legally sufficient evidence and was not against the weight of the evidence. When conducting a legal sufficiency analysis, "we must evaluate whether, after viewing the evidence in the light most favorable to the People, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (People v Williams, 150 AD3d 1315, 1317 [2017] [internal quotation marks and citation omitted], lv denied 30 NY3d 984 [2017]). As relevant here, "[a] person is guilty of criminal sale of a controlled substance in the third degree when he [or she] knowingly and unlawfully sells . . . a narcotic drug" (Penal Law § 220.39 [1]). Additionally, "[a] person is guilty of criminal possession of a controlled substance in the third degree when he [or she] knowingly and unlawfully possesses . . . a narcotic drug with intent to sell" (Penal Law § 220.16 [1]).
The evidence presented at trial established that, on April 11, 2016, defendant was the target of a controlled buy-bust operation by the Broome County Special Investigations Unit after it received information from a CI indicating that he could purchase drugs from defendant [FN1]. The CI, who had known defendant for seven or eight years, placed a call to defendant, while an investigator listened over a speakerphone, and made arrangements to meet him at the corner of Stuyvesant Street and Court Street in Binghamton to purchase a quantity of heroin for $100. The police subsequently searched the CI for contraband, provided him with $100 in prerecorded buy money and dropped him off near the proposed meet location where numerous other members of the task force were stationed to surveil the transaction. The CI thereafter met defendant at the agreed-upon location and proceeded to enter the nearby convenience store, whereupon the CI gave defendant the $100 in prerecorded buy money in exchange for 10 glassine bags of heroin that he observed defendant pull out of the front of his pants. Following the transaction, the CI exited the convenience store and removed his hat — the preapproved signal to law enforcement that the drug transaction was complete — and defendant was thereafter taken into custody by police. Defendant was subsequently searched and found to be in possession of the $100 in prerecorded buy money, as well as an additional $1,140 in cash. After the transaction was completed, the police did a drive-by of the convenience store where the CI confirmed defendant's identity as the individual who had sold him the subject heroin. Lab testing subsequently confirmed that the substance that the CI procured from defendant tested positive for the presence of heroin.
Viewing the foregoing evidence in a light most favorable to the People, we find that the People submitted legally sufficient to establish that defendant knowingly and unlawfully possessed a narcotic drug, with the intent to sell it, and that he was the individual who knowingly and unlawfully sold heroin to the CI on April 11, 2016 (see Penal Law §§ 220.16 [1]; 220.39 [1]; People v Thomas, 169 AD3d 1255, 1256 [2019], lvs denied ___ NY3d ___, ___ [May 31, 2019]; People v Quintana, 159 AD3d 1122, 1124-1125 [2018], lv denied 31 NY3d 1086 [2018]). Additionally, although a different verdict would not have been unreasonable, we note that the testimony of the police officers who surveilled the subject controlled buy corroborated the CI's version of events and defendant's identity as the individual with whom the CI met. Therefore, viewing the evidence in a neutral light and according deference to the jury's credibility determinations, we also find that the verdict is not against the weight of the evidence (see People v Morris, 165 AD3d 1489, 1490 [2018], lv denied 32 NY3d 1207 [2019]; People v Miller, 160 AD3d 1040, 1043 [2018], lv denied 32 NY3d 939 [2018]).
We find unavailing defendant's contention that County Court erred when it denied his motion to suppress any in-court identification of him by the CI without conducting a suppression hearing. Here, because the People's affidavit in response to defendant's omnibus motion adequately established that the CI and defendant knew one another, the subject identification procedure was merely confirmatory and not susceptible to undue police suggestiveness, such that no hearing was necessary (see People v Rodriguez, 79 NY2d 445, 449-450, 453 [1992]; People v Rodriguez, 47 AD3d 417, 417 [2008], lv denied 10 NY3d 816 [2008]; People v Small, 201 AD2d 315, 315 [1994], lv denied 83 NY2d 876 [1994]; People v Cherny, 179 AD2d 938, 939 [1992], lv denied 79 NY2d 998 [1992])[FN2]. Lastly, defendant's contention that County Court failed to abide by the procedure set forth in CPL 400.21 in adjudicating him a second felony offender is unpreserved for our review as defendant did not render any such objection at sentencing (see People v Small, 166 AD3d 1237, 1239 [2018]; People v Williams, 155 AD3d 1253, 1255 [2017], [*2]lv denied 31 NY3d 1089 [2018])[FN3]. In any event, defendant was provided a predicate felony statement at sentencing, admitted to the prior felony conviction and did not otherwise contest the legality of the conviction (see People v Small, 166 AD3d at 1239).
Garry, P.J., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The investigator in charge of the operation indicated that he had previously used the CI in other cases and found the information that he provided to be reliable.

Footnote 2: The CI testified before the grand jury that he had known defendant for approximately seven to eight years and that they had travelled to New York City together on one occasion. The People also provided a supporting deposition from the CI indicating that he had been purchasing heroin from defendant in the three weeks immediately prior to the alleged April 2016 sale at issue.

Footnote 3: In January 2017, defendant also pleaded guilty to a separate indictment charging him with one count of perjury in the first degree after he provided false testimony during a parole revocation hearing. At the February 9, 2017 sentencing, defendant was sentenced for both his convictions on the subject drug charges and upon his guilty plea to perjury in the first degree. With respect to perjury conviction, defendant was sentenced, as a second felony offender, to a prison term of 3 to 6 years, with said sentence to run concurrently with the prison term imposed upon the subject drug convictions (see People v Small, 166 AD3d at 1238).