People v Lopez (2022 NY Slip Op 04101)

People v Lopez

2022 NY Slip Op 04101

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Manzanet-Daniels, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 

Ind No. 903/17 3847/13 Appeal No. 16190 Case No. 2019-04012 

[*1]The People of the State of New York, Respondent,
v
Bernabe Lopez, Defendant-Appellant. 

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julia Gorski of counsel), for respondent.

Judgment, Supreme Court, New York County (James M. Burke, J.), rendered June 12, 2019, convicting defendant, after a jury trial, of conspiracy in the fourth degree, and sentencing him, as a second felony drug offender, to a term of two to four years, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established that defendant was part of the charged conspiracy, and not merely a member of a different conspiracy or an independent dealer who obtained drugs from the head of the drug organization. The evidence establishing defendant's participation in the charged conspiracy included recorded telephone conversations and police observations (see People v Layne, 124 AD3d 466 [1st Dept 2015]; People v Wilson, 57 AD3d 228 [1st Dept 2008], lv denied 12 NY3d 789 [2009]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, including matters of strategy and attorney-client consultations (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022